**Lloyd BROWN, Plaintiff,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 92–2747 (CRR).**

United States District Court,
District of Columbia.

May 28, 1993.

Robert C. Hauhart, Public Defender Service, Washington, DC, for the District of Columbia, for plaintiff.

David A. Flyer, Asst. Corp. Counsel for the District of Columbia, with whom John Payton, Corp. Counsel, Michael E. Zielinski, Asst. Deputy Corp. Counsel, and Richard S. Love, Asst. Corp. Counsel, Washington, DC, appeared on the brief, for the defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

The Plaintiff in the above-captioned case challenges the decision of a prison adminis-trative board that found him guilty, *inter alia*, of assault and destruction of property in violation of prison regulations. He claims that the decision is in violation of his due process rights under the 14th Amendment. The Defendants have filed a Motion to Dismiss for failing to state a constitutional claim, and the Plaintiff has filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After reviewing the memoranda and exhibits in support of the parties' respective motions, and considering the applicable law and the arguments presented by the parties at a hearing on the motions held on May 26, 1993, the Court concludes that no genuine disputes exist as to any material fact, and that the Plaintiff is entitled to judgment as a matter of law.

### II. BACKGROUND

The essential facts in this case are undisputed by the parties. The Plaintiff, Lloyd Brown, is a prisoner who, at the time of the incident giving rise to this suit, was housed at the Occoquan Facility in Lorton, Virginia. Brown was accused of throwing several cartons of fermented solutions of urine, milk, and feces from his cell onto a passing guard, spitting on the guard, and threatening the guard on September 28, 1992. A disciplinary report filed by the guard charged Brown with Assault, Damage or Destruction of Property, Threatening Conduct, Creating a Disturbance, and Bodily Injury, all in violation of the Lorton Regulations Approval Act ("LRAA").

At an administrative hearing held before the Occoquan Adjustment Board on October 5, 1992, the only evidence presented in support of the charges against Brown was the disciplinary report filed by the prison guard which is attached hereto and made a part hereof. After deliberation, the Adjustment Board found Brown guilty of all five charges. Brown was required to serve 14 days in administrative segregation or detention as a result of the findings of the Board.

Brown appealed the decision of the Board to the Administrator of the Occoquan facility,

Bernard Braxton, with respect to two of the charges, Assault and Damage or Destruction of Property. Braxton upheld the decision of the Adjustment Board. Brown subsequently filed the instant suit under 42 U.S.C. § 1983, alleging that the decision of the Adjustment Board violated his due process rights in two ways: first, because the decision was unsupported by any evidence presented at the hearing; and second, because the Board failed to provide Brown with an adequate written statement setting forth the evidence relied upon in reaching its decision.

At the May 26, 1993, hearing, counsel for the Plaintiff indicated that the Plaintiff sought to have the guilty findings as to the Assault and the Damage charge vacated and expunged from his record. Counsel represented to the Court at the hearing, on the Plaintiff's behalf, that this action was not a predicate for a damages suit and that the Plaintiff waived any damages claim relating to the suit.

### III. BECAUSE THE PLAINTIFF'S DUE PROCESS RIGHTS ARE IMPLICATED IN THIS CASE, AND BECAUSE THE SOLE PIECE OF EVIDENCE RELIED UPON BY THE BOARD DID NOT SUPPORT THE BOARD'S DECISION, THE COURT MUST VACATE THE DECISION OF THE BOARD AND EXPUNGE THE RECORD OF THE PLAINTIFF.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate in cases in which:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In this case, the facts surrounding the hearing are undisputed, and the Court is only required to evaluate whether the hearing procedure complied with the requirements of due process. Consequently, the Court may decide the case on summary judgment grounds.

The first question the Court must consider is whether the Plaintiff in this case has "a liberty or property interest which has been interfered with by the State . . . ." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). Only then do the protections of due process come into play. *Id.* In the prison context, "a State creates a protected liberty interest by placing substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).

In this case, the procedures set forth in the LRAA clearly place substantive limitations on official discretion. The procedures outline the offenses with which a prisoner may be charged, the process by which a prisoner's responsibility for those charges is determined, and the sanctions faced by a prisoner found guilty of committing an offense. *See generally* §§ 102, 103, 104 (possible offenses); §§ 108, 109, 110, 111 (hearing procedures); § 105 (possible sanctions). Throughout these sections, the LRAA uses "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' by employed . . . ." *Hewitt v. Helms*, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). This mandatory language, combined with the requirement that the possible sanctions must be preceded by a substantive offense as defined by the LRAA, creates a protected liberty interest that invokes the protections of due process.

The requirements of due process are flexible and depend on the circumstances of the case and the nature of the liberty interest at stake. *Id.* at 472, 103 S.Ct. at 871. In this case, both parties agree that the standards of *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), apply in this case. In *Hill*, the Supreme Court held that "the requirements of due process are satisfied if *some* evidence supports the decision by the prison disciplinary board. . . . [T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. at 2773–74 (emphasis added). This lenient standard of review balances the need to avoid impos-

ing undue administrative burdens on prison administration with the need to prevent arbitrary deprivations imposed on the prisoners.

■ After reviewing the Disciplinary Report, which was the *only* piece of evidence presented to the Adjustment Board or at the hearing before the Court, the Court must conclude that nothing in the report serves as evidence that the Plaintiff committed the offenses of Assault or Damage to Property. The Disciplinary Report states, in pertinent part:

> [The officer] was battered, blasted, and bombarded with several cartons of fermented solutions of urine, milk and feces by [Brown and another prisoner]. These stinking solutions sank into my eyes, nose, mouth and part thereof showered all over my body. Resident Lloyd Brown repeatedly spate on me and he in conjunction with [the other prisoner] stated that they will kill me.

Assuming that the Board believed that this incident occurred as described, the Board could not have found the Plaintiff guilty of Assault or Damage to Property, as defined by the LRAA.

Damage or Destruction of Property constitutes "willfully destroying or damaging property belonging to the institution, the United States, the District of Columbia, or any person." § 102.20. The Disciplinary Report makes no mention of any destruction or damage occurring to any of the guard's belongings. Assault, as defined by the LRAA, constitutes "(a) willfully causing serious bodily injury to any person; or (b) shooting, stabbing, or cutting another person, or willfully causing bodily injury to another person with a weapon or by any means...." § 102.8(a), (b).[1] Nothing in the Disciplinary Report suggests that Brown's conduct rose to the level of Assault.

The Court wishes to make clear that it does not condone the conduct of the Plaintiff as found by the Adjustment Board. Such behavior is vile and offensive in any context. Moreover, the Court notes that Brown was found guilty of Threatening Conduct, Creating a Disturbance, and Bodily Injury for the same conduct, and he does not challenge those findings. Brown is correct, however, that the Disciplinary Report does not contain any evidence that he committed the offenses of Assault, or Damage or Destruction of Property. The Court must, therefore, direct the Defendants to vacate and expunge the record of Brown as to those two offenses.[2] Such an Order will dispose of the matter, as the Court repeats that counsel for the Plaintiff, as an officer of the Court, has represented that the Plaintiff waived any claim for monetary damages arising out of this suit.

## IV. CONCLUSION

Upon consideration of the Plaintiff's Motion for Summary Judgment, the Defendants' Motion to Dismiss, the applicable law, the record herein, and the arguments of the parties at the hearing of May 26, 1993, the Court must conclude that the Plaintiff is entitled to Summary Judgment against the Defendants. The decision of the Adjustment Board, insofar as it found the Plaintiff guilty of Assault and Damage or Destruction of Property, was unsupported by any evidence presented to the Board, thereby violating the Plaintiff's due process rights. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### JUDGMENT

Upon consideration of the Plaintiff's Motion for Summary Judgment, the Defendants' Motion to Dismiss, the applicable law, the record herein, and the arguments of counsel for the parties at the hearing on May 26, 1993, and for the reasons articulated in this

---

1. Although § 102.8(c), which includes resistance or opposition to a correctional official in the definition of assault, *may* have applied to the incident in question, the Plaintiff was not charged with a violation of § 102.8(c), as can be seen from the Disciplinary Report.

2. Because the Court holds that there was no evidence in support of the two charges and directs the expungement of the Plaintiff's record accordingly, it need not reach the second issue raised by the Plaintiff, i.e., that the Adjustment Board failed to provide Brown with an adequate written statement setting forth the evidence relied upon in reaching its decision.

Court's Memorandum Opinion of even date herewith, it is, by the Court, this 28th day of May, 1993,

ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and hereby is, GRANTED as to Count I, and that Judgment in the above-captioned case shall be, and hereby is, entered for the PLAINTIFF; and it is

FURTHER ORDERED that the Defendants' Motion to Dismiss shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Defendants are hereby directed to immediately vacate the guilty findings of the Adjustment Board with respect to the Assault and Damage or Destruction of Property charges, and shall expunge the Plaintiff's record with respect to those findings of guilt; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.